IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ELIAS GIPP, ET AL.,<br><br>    Plaintiffs,<br><br>v.<br><br>RAYMOND WEBB, ET AL.,<br><br>    Defendants. | Case No. 1:19-cv-213<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>v210927 |

  Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure the Court enters this Protective Order upon the request of Elias Gipp, S.G. [minor] and S.G. [minor] through Corrine Kopp (collectively "Plaintiffs"), the United States of America ("United States"), and Raymond Webb and Gary Sandland (the "Individual Defendants")(collectively Plaintiffs, United States, and Individual Defendants are referred to as "the Parties" or individually as a "Party") seek to enter into a protective order ("Protective Order").  The purpose of the Protective Order is to facilitate the disclosure of information that might otherwise be prohibited from disclosure under the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act") or for other recognized reasons, helping to preserve the rights of litigants and third parties, and protecting and reasonably limiting the use of sensitive information in the course of this litigation. Accordingly, IT IS ORDERED that:

  1.  Discovery in this case will involve the production of information or documents any of the Parties may claim are confidential, sensitive, law-enforcement sensitive, or private, but which may properly be used in the litigation subject to reasonable protections.  Nothing in this Protective Order shall be construed as a waiver requiring production of information protected from disclosure by applicable privileges, statutes, regulations, or authorities.

2. Discovery in this case will involve the production of documents in the possession of the United States that are maintained in a government system of records that may also be subject to the Privacy Act, or otherwise contain sensitive personal information, including personally identifiable information. The United States, its agencies, and employees, including its counsel, are authorized, under 5 U.S.C. § 522a(b)(11), to produce, provide, and release, in connection with this litigation, information and documents that would otherwise be protected from disclosure under the Privacy Act, as well as information and documents covered by the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., and the Health Insurance Portability and Accountability Act, see Pub. L. No. 104-191, 101 Stat. 1936 (1996).

3. For purposes of this Order, the term "Confidential Information" includes the following: (a) information that counsel for a Party deems, in good faith, to be confidential, proprietary, sensitive, or personal, including but not limited to, information the release of which could constitute an unreasonable invasion of privacy; and (b) information produced by the United States, its agencies, or employees, which the United States has determined to be protected by the Privacy Act. Confidential Information may only be used, disseminated, copied, or disclosed as indicated in this Protective Order.

4. A Party may designate documents, testimony, written responses, and other materials produced in this case as Confidential Information subject to this Protective Order by marking each page as "Subject to Protective Order," if practical to do so. Reasonable efforts will be made to avoid having such marking obscure the text/content of the documents. If it is not practical to do so, the designating Party must otherwise inform the receiving Party, in writing, that the information is subject to this Protective Order, e.g. by identifying corresponding Bates numbers. By claiming a document "Subject to Protective Order" a Party represents that it has

made a bona fide, good faith determination that the document does in fact contain Confidential Information.

5. Except as otherwise ordered by this Court, provided herein, or stipulated to by counsel, any documents or materials designated "Subject to Protective Order," including information derived therefrom, may be disclosed only to the following persons: (a) the Parties (or its representatives, in the case of the United States); (b) counsel for the Plaintiffs, the United States, and Individually Named Defendants in this case; (c) any persons regularly in the employ of, or persons contracted to perform services for, attorneys of record for the Parties to the extent reasonably necessary for the prosecution of this action; (d) employees of federal agencies as deemed necessary by counsel for the United States; (f) experts and consultants for the Parties in this case; (g) this Court, its support personnel who are involved in this case, including any Court-appointed alternative dispute resolution facilitators; and, (h) any court reporter or videographer reporting a deposition.

6. Except as provided herein, no person having access to Confidential Information shall make any disclosure of such Confidential Information without further Order of the Court.

7. Except as provided herein, Confidential Information may be used only for purposes of this litigation.

8. This Protective Order does not restrict the disclosure or use of any information or documents lawfully obtained by the Parties through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the Party using the information to establish that such information or document was lawfully obtained through means or sources outside of this litigation.

9. Except for the individuals described in paragraph 5(g) above, all individuals to whom Confidential Information is disclosed shall be informed of, and shall be bound by, the terms of this Protective Order; shall not disclose or use the Confidential Information except in compliance with this Protective Order; and shall, before receiving such information, documents, and materials, be given a copy of this Protective Order and the Acknowledgement of Protective Order at **Exhibit A**. Individuals will be asked to acknowledge their agreement to comply with this Protective Order by signing a copy of the attached acknowledgment form. A copy of each such acknowledgment form must be provided promptly after its execution to the counsel proposing to share such Confidential Information. Upon reasonable request, counsel sharing Confidential Information must provide copies of applicable signed acknowledgement forms, or other appropriate proof of compliance with this paragraph, to the Party or Parties that designated the Confidential Information. Even individuals who may decline to sign the acknowledgment are bound by the terms of this Protective Order provided they have been given actual notice of it.

10. Any documents, filings, briefs, or other materials containing information designated "Subject to Protective Order," if filed publicly, shall contain redactions of the Confidential Information. No Party, or any third party, may use Confidential Information in open Court, orally or through documents, without first obtaining the consent of the Party that designated the information/material as "Subject to Protective Order" or an order from the Court ruling the Confidential Information may be publicly disclosed.

11. As a supplement to the public filing of any documents, briefs, or other materials that conceal (through the use of redactions) materials designated "Subject to Protective Order," a Party may file under seal materials containing the Confidential Information without redaction.

12. Nothing in this Protective Order shall limit the Parties' right to access, use, or disclose their own Confidential Information and the requirements of paragraph 9 shall not apply to the Parties' own Confidential Information. Nothing in this Order shall be construed to restrict in any way the use of any federal records by any federal agency or federal employee in the ordinary course of business consistent with applicable statutes and regulations.

13. Whenever materials designated "Subject to Protective Order" are to be discussed or disclosed in a deposition, hearing, or pre-trial proceeding, a Party may exclude (or ask the Court to exclude, as appropriate) from the room any person—other than persons designated in paragraph 5 and who have complied, if applicable, with the terms of paragraph 9—for that portion of the deposition, hearing, or pre-trial proceeding. A Party's right to use materials designated "Subject to Protective Order" at a hearing or other court proceeding in this action shall be determined by the presiding judge, unless otherwise stipulated. The Court may also require the redaction of personal identifiers in materials designated "Subject to Protective Order" before use at a hearing or other Court proceeding in this action.

The designation of materials designated "Subject to Protective Order" shall not control the Court's determination as to whether the material shall be received into evidence; nor shall such designation constitute the authentication of such material or a waiver of any right to challenge the relevance, confidentiality, or admissibility of such material. This Protective Order shall not control the admission of evidence at trial in open court. Should a Party believe that documents, materials, or information designated as "Subject to Protective Order" should not be used in open court during trial, that Party will have the burden to seek such protections from the Court prior to use.

14. Within 30 days after receipt of the final transcript of the deposition of any Party or witness in this case, a Party may designate "Subject to Protective Order" as to any portion of the transcript that a Party views as disclosing Confidential Information. If a transcript (or excerpt of a transcript) containing any such material is filed with the Court, it shall be redacted or filed under seal and marked as "Confidential—Subject to Protective Order." Unless otherwise agreed, all deposition transcripts shall be treated as subject to this Protective Order until the expiration of the 30-day period.

15. At the deposition of any witness, the Parties may designate "Subject to Protective Order" any confidential testimony, exhibit, or other information provided or disclosed at the deposition of any witness, and that testimony, exhibit, or other information is subject to the provisions of this Protective Order, unless the Court orders otherwise or counsel for the Parties stipulate otherwise.

16. Should this matter proceed to trial, the Parties shall confer concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all parties to present admissible evidence necessary for a proper resolution of this case and in accordance with paragraph 13, above.

17. The Parties reserve the right to dispute the confidential status of material designated Confidential Information. If a Party believes any materials have been inappropriately designated "Subject to Protective Order," counsel for the Parties shall confer in good faith in an attempt to resolve the matter. As part of that conferral, the Parties must assess whether redaction is a viable alternative to a blanket designation of "Subject to Protective Order" for the document. If the Parties are unable to resolve the matter, the designating party must seek a ruling on the protected status of the challenged designated material within 21 days after written notice by the

non-designating party is received by the designating party, with the notice specifically identifying the challenged Confidential Information and indicating the parties were unable to resolve their dispute. The Parties must abide by the confidential designation until the matter is resolved by agreement of the Parties or by the Court.

18. The inadvertent failure to label a document, testimony, or other material as "Subject to Protective Order" prior to disclosure shall not waive or forfeit the right to later designate the document, testimony, or other material as Confidential Information. The Parties, their counsel, and any others bound by the Protective Order shall not disclose such documents, testimony, or other material if the person knows or reasonably should know that a claim of confidentiality would be made. Promptly after receiving notice of a claim of confidentiality, the receiving parties, their counsel, or others bound by the Protective Order shall inform the designating Party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

19. Except as provided herein, within 90 days of the conclusion of this case (including any appeals), documents, discovery requests, discovery responses, transcripts, and other materials, and all copies thereof, containing Confidential Information must be destroyed by persons in possession of such materials containing Confidential Information. Upon request by any Party, any person (except as otherwise provided in this paragraph) in possession of documents, discovery requests, discovery responses, transcripts, or other materials containing Confidential Information must, within 14 days, certify in writing to the requesting party that said items, and all copies thereof, containing Confidential Information have been destroyed. Notwithstanding the foregoing provisions of this paragraph, no person is required to destroy any

publicly filed version of any document publicly filed with this Court or with a court of appeals of competent jurisdiction in connection with this case. This paragraph does not apply to the United States, its employees, and attorneys; or to this Court or its support personnel; all of which are subject to certain document retention obligations, policies, and procedures. Plaintiffs' counsel may retain Confidential Information for 7 years after final resolution of this case, including appeals, after which time it must be destroyed consistent with this paragraph.

20. If Plaintiffs receive a subpoena or similar request, or a court order, to produce, disseminate, or transmit Confidential Information received under this Protective Order to any person or entity not authorized under this Protective Order to receive Confidential Information, Plaintiff's counsel shall notify counsel for the United States and counsel for the Individual Defendants of the subpoena, request, or court order no less than 14 days prior to the production deadline set forth in the subpoena, request, or court order so as to provide the United States sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved.

21. This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information. This Protective Order does not constitute any ruling on the question of whether any Party may withhold any particular document or category of information on the basis of privilege.

22. This Protective Order does not constitute a waiver of any defense, right, objection, privilege, or claim by any Party, including any objection to the production of documents and any claim of privilege or other protection—including, but not limited to, the

attorney-client privilege, attorney work product, or the law enforcement privilege—in connection with this litigation. Furthermore, inadvertent disclosure by Plaintiff, the Individually Named Defendants or the United States, its agencies, or its employees of any document or other material containing attorney-client communications, attorney work product, or other privileged information shall not constitute a waiver of the privilege for either that document or other material, or for the subject matter of that document or other material. Except in the event that the requesting Party disputes the claim of privilege, any documents the disclosing Party deems to have been inadvertently disclosed and to be subject to a privilege shall, within five business days of notification, be returned to the producing Party, or destroyed, at that Party's option. If the privilege claim is disputed, a single copy of the materials may be retained by the requesting Party for the exclusive purpose of seeking judicial determination of the matter consistent with and pursuant to Fed. R. Civ. P. 26(b)(5)(B), Fed. R. Evid. 502, and other applicable law.

23. Nothing in this Protective Order shall preclude the Parties from seeking amendments to expand or restrict the rights of access to or use of materials designated "Subject to Protective Order," or other modifications, subject to order by the Court.

24. The restrictions on disclosure and use of materials designated "Subject to Protective Order" shall survive the conclusion of this action, and this Court shall retain jurisdiction to enforce the terms of this Protective Order.

25. Breach of the provisions of this Protective Order may be subject to sanctions at the discretion of the Court as authorized by statute, rule, or the inherent power of the Court.

IT IS SO ORDERED.

Dated: October 4, 2021        /s/ Clare R. Hochhalter
                              Clare R. Hochhalter, Magistrate Judge
                              United States District Court

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ELIAS GIPP, SG 1 (minor), and SG 2 (minor) through CORRINA KOPP, their Natural and/or Legal Guardian,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>RAYMOND WEBB, GARY SANDLAND, JR., and UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | Case No. 1:19-cv-213 |

ACKNOWLEDGEMENT OF PROTECTIVE ORDER

　　　　I, _____, hereby acknowledge under penalty of perjury that I have read the Protective Order entered by this Court on _____, 2021.  I am familiar with the specific terms of the Protective Order and agree to be bound by its provisions.  I further understand I am subject to the enforcement powers of this Court for violations of the Protective Order.

　　　　Executed on _____, 20\_\_.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Signature

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Printed Name