IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| ELIAS GIPP, SG 1 (minor), and SG 2 (minor), through CORRINE KOPP, their Natural and/or Legal Guardian,<br><br>         Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No. 1:19-cv-00213 DLH-CRH<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL** |

## **INTRODUCTION**

Defendant United States of America has asked this Court to allow it to file—under seal—almost all documents it intends to file in support of its forthcoming motion for summary judgment. It does not ask this Court to seal only portions of documents (including dashcam video) but wants them sealed whole cloth. The United States' offered justifications for sealing these documents are not supported by law. Therefore, the motion should be denied.

## **PROCEDURAL HISTORY**

The relevant procedural history is important here. This is not the first time that the United States has sought the sealing of entire documents. (*Motions*, Docs. 27, 37). Those motions to seal were granted (*Order*, Doc. 28), and those documents remain sealed to this day. In its order, this Court required that any document placed under seal must be filed under seal by any other party referencing or quoting the sealed documents. (*Order,* ¶ 4, Doc. 38).

1

In anticipation of its motion for summary judgment, the United States has brought another motion for leave to file under seal. (Doc. 113). The motion requests that 21 "attachments" (some consisting of hundreds of pages) be filed under seal—in their entirety. (*See* Docs. 113, 113-1).

## LEGAL STANDARD

"There is a common-law right of access to judicial records." *IDT Corp v. eBay*, Inc., 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents, but that the right to inspect and copy judicial records is not absolute." *Id.* (quoting *Nixon*, 435 U.S. at 597-98) (cleaned up). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings . . . ." *Id.* (internal citations omitted). "It also provides a measure of accountability to the public at large, which pays for the courts." *Id.* (citing *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

This common-law right comes with a "presumption of public access to judicial records." *U.S. v. Gray*, 59 F.4th 329, 333 (8th Cir. 2023) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "The presumption is based on the need for the federal courts to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* "That need is particularly acute when a proceeding involves the deprivation of a person's liberty." *Id.*

"Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223

## ARGUMENTS AND AUTHORITIES

### I. The Privacy Act and FOIA do not justify the whole cloth sealing of entire documents.

The United States primarily relies on the Privacy Act, 5 U.S.C. § 552a, and the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to justify the sealing of documents. Neither act requires the documents at issue be filed under seal (or at least the United States does not cite any provision requiring such). In fact, <u>none</u> of the cases cited by the United States—at least with reference to the Privacy Act and FOIA—address whether a document should be sealed. (*See Mem. of L.*, at 2-6, Doc. 113-1).[1]

The United States does cite Fed. R. Civ. P. 5.2, which is somewhat relevant as it concerns the *redaction* of enumerated items: social-security numbers, taxpayer-identification numbers, the names of minors, and financial-account numbers. *See* Fed. R. Civ. P. 5.2(a). Although the names of minors are involved in this case, those can be easily redacted and do not require the sealing of documents. *See id.*

---

[1] Note that there is no active criminal investigation into Webb's conduct by the United States. The U.S. Attorney's Office declined prosecution.

## II. The vague reasons offered as justification for sealing entire documents are unavailing.

The United States offers vague reasons why the documents at issue should be sealed. For example, it cites "personal and sensitive information," medical information, and "privacy" as reasons for sealing the documents. (*See* Doc. 113-1). These vague assertions do not justify sealing of the documents—especially whole cloth. *See Gray*, 59 F.4th at 333 (noting private information is "not infrequently" included in public filings).

This case does involve law enforcement activities and the killing of a citizen by a federal law enforcement officer. These subjects—outside of the litigation realm—are often discussed in public forums. And the same is true in litigation: the need for public access is "particularly acute when a proceeding involves the deprivation of a person's liberty." *Gray*, 59 F.4th at 333. In excessive force cases, such as this one, courts routinely deny motions to seal, noting the public's interest in such cases. *See, e.g.*, *Settrini v. City of San Diego*, No. 3:20-cv-02273-RBM-BGS, 2022 U.S. Dist. LEXIS 186008, at *5 (S.D. Cal. Oct. 11, 2022) (collecting cases).

Here, the United States has not offered sufficient justification for sealing the documents and the motion should be denied.

## III. There are less restrictive means to protect "private" information.

If the United States can establish that *particular* information within the documents should be sealed, it should ask this Court to allow redaction of this particular information. It should not seek to seek to seal entire documents simply because they may contain *some* "private" information.

4

"[A] proper motion to seal should be narrowly drawn." *Gray*, 59 F.4th at 333. If "portions" of document are "amenable to public access without jeopardizing the confidentiality of the information exchange," those portions should generally be left unsealed. *IDT Corp.*, 709 F.3d at 1222, 1224 (reversing and remanding where "it is unclear to us why the court concluded that the *entire* document should remain under seal.") (emphasis original). And courts have been instructed to use the least restrictive means to protect sensitive information. *See In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

The sealing of thousands of pages of documents and multiple photographs and videos is certainly not the least restrictive means.

### IV. The sealing of documents is disfavored when filed in support of a motion for summary judgment.

The United States wants to hide entire documents that will be filed in support of its motion for summary judgment. Federal courts have recognized that documents "that directly affect an adjudication" should—as a general matter—not be sealed. *See, e.g.*, *IDT Corp.*, 709 F.3d at 1223; *see also Jennings v. Univ. of N. Carolina at Chapel Hill*, 340 F. Supp. 2d 679, 681 (M.D.N.C. 2004) ("a party moving to seal documents filed in support of a motion for summary judgment in a civil case bears a heavy burden."). This case should not be allowed to survive—or die—in the dark of the night.[2]

---

[2] The sealing of these documents will also require *heavy* redaction of the parties' memorandums of law. (*See Order,* ¶ 4, Doc. 38).

## CONCLUSION

The United States' vague justifications for sealing documents that are highly relevant to the adjudication of this case do not overcome the presumption in favor of public access. Thus, the motion should be denied.[3]

Dated: August 31, 2023

**CONLIN LAW FIRM, LLC**

*/s/ Taylor B. Cunningham*
Taylor B. Cunningham, 9377
Thomas J. Conlin, 6023
Stacy Deery Stennes, 7228
600 Highway 169 South, Suite 1650
Minneapolis, MN 55426
Telephone: (952) 252-0490
Facsimile: (952) 252-0489
Email: CLF@conlinlawfirm.com

**MARTENS, PLLC**

James W. Martens, 06495
201 Slate Drive, Ste. 2
Bismarck, North Dakota 58503
Telephone: (701) 223-2000
Email: jwmartens@martenspllc.com

**ATTORNEYS FOR PLAINTIFFS**

---

[3] Plaintiffs do not oppose the United States' motion to file the three video "attachments" conventionally.