**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Elias Gipp, SG 1 (minor), and SG 2 (minor) through Corrine Kopp, their Natural and/or Legal Guardian;<br><br>                        Plaintiff,<br><br>v.<br><br>Raymond Webb and the United States of America,<br><br>                        Defendants | Case No. 1:19-cv-00213 |

---

**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION FOR LEAVE TO FILE UNDER SEAL AND DENYING MOTION TO SEAL DOCUMENT**

---

## <u>INTRODUCTION</u>

[¶1]     THIS MATTER comes before the Court on a Motion for Leave to File Under Seal filed by the United States on August 29, 2023. Doc. N0. 113. The Plaintiffs filed a Response on August 31, 2023. 115. The United States filed a Reply on September 1, 2023. Doc. No. 116. Also before the Court is a Motion to Seal Document filed by the Plaintiffs on September 7, 2023. Doc. No. 123. For the reasons set forth below, the United States' Motion for Leave to File Under Seal is **GRANTED, in part, and DENIED, in part** and the Plaintiffs' Motion to Seal Document is **DENIED**.

## <u>DISCUSSION</u>

[¶2]     The United States asks the Court to file 21 exhibits under seal. By the Court's estimate, that is 830 pages of record. As grounds for the request, the United States asserts the documents contain personal, sensitive, or confidential information. The United States notes it did not request

its memorandum in support of its motion for summary judgment be filed under seal because it does not reference any of the personal, sensitive, or confidential information it identifies in briefing. Finally, the United States argues redaction would be too burdensome. The Plaintiffs ask the Court to deny the request because this is an open proceeding and the United States' request was too broad and the documents can be redacted.

[¶3]    It is well-established the public has a common-law right of access to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). While the Eighth Circuit has rejected a "strong presumption" in favor of public access, United States v. Webbe, 791 F.2d 103, 106 (8th Cir. 1986), it has instructed, "only the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (internal quotation marks omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enter. Co. v. Super. Ct. of Cal., 464 U.S. 501, 509-11 (1984)).  Therefore, the party seeking sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Baxter Int'l, Inc. v. Abbott Labs, 297 F.3d 544, 548 (7th Cir. 2002). Ultimately, it is the district court "who is in the best position to recognize and weigh the appropriate factors on both sides of the issue." Webbe, 791 F.2d at 107.

[¶4]    Upon consideration, the Court agrees the information not relevant to the Motions for Summary Judgment may be filed under seal. While the Court recognizes the burden it will be to make these redactions, the public's right to access the relevant information to the Motions for Summary Judgment overrides filing the documents completely under seal. Accordingly, the United States may file the documents under seal. The United States shall file redacted copies of each

document publicly within sixty (60) days from the date of this Order. These redactions must be limited to (1) information identified as redactable under Rule 5.2(a) of the Federal Rules of Civil Procedure and (2) that is irrelevant to the Motions for Summary Judgment currently on file. Information relating to either of the pending Motions for Summary Judgment may not be redacted.

[¶5]    Plaintiffs also ask the Court to seal their Memorandum in Support of their Motion for Summary Judgment because it cites to the documents the United States seeks to file under seal. Doc. No. 123. Because the Court has concluded information relevant to the summary judgment proceedings may not be sealed or redacted, sealing Plaintiff's Memorandum in Support of its Motion for Partial Summary Judgment is unnecessary.

## CONCLUSION

[¶6]    For the reasons set forth above, the United States' Motion for Leave to File under Seal is **GRANTED, in part, and DENIED, in part**. The Plaintiffs' Motion to Seal is **DENIED as unnecessary**. The Parties are to file the documents as outlined above.

[¶7]    **IT IS SO ORDERED.**

DATED September 8, 2023.

Daniel M. Traynor, District Judge
United States District Court