IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Elias Gipp, et al., | ) |
| | ) |
| Plaintiffs, | )   **ORDER** |
| | ) |
| v. | ) |
| | ) |
| Raymond Webb and | )   Case No.: 1:19-cv-00213 |
| United States of America, | ) |
| | ) |
| Defendants. | ) |

On January 3, 2024, an ex parte telephone conference was held with Plaintiff Skylar Gipp ("Plaintiff") and his counsel, at which time the court denied counsel's motion to withdraw as Plaintiffs' counsel. (Doc. Nos. 148-149).

On January 4, 2024, Plaintiff filed a motion to substitute himself as a plaintiff in his individual capacity, and as the real party in interest, as he is no longer a minor. (Doc. No. 150).

The age of majority is eighteen (18) years of age in North Dakota. *See* N.D.C.C. § 14-10-02. Once a minor reaches the age of majority within the course of the litigation, they become a real party in interest. *Heard v. Thomas*, No. 2:20-CV-2335-MSN-CGC, 2022 WL 1431083, at *1 (W.D. Tenn. May 5, 2022), *see also Stephenson v. McClelland*, 632 F.App'x 177, 181 (5th Cir. 2015) (holding parents lose standing to bring claims on their child's behalf after the child reaches age of majority). Plaintiff was a minor at the time his guardian brought the claim, and he has since turned eighteen years of age. Therefore, Plaintiff is the real party in interest and the guardian no longer has standing to act on his behalf.

The United States has since filed a response, advising that they do not oppose Plaintiffs' motion. (Doc. No. 152).

Accordingly, the court **GRANTS** Plaintiffs' motion. (Doc. No. 150). Plaintiff shall be substituted as a plaintiff in his individual capacity, and as a real party in interest.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2024.

> */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court